3
Susan M Didriksen, Chapter 7 Trustee
PO Box 1460
Shingle Springs, CA 95682
Tel: (530)232-6119
E-mail: didriksen1@gmail.com

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>**JAMES A. SPECHT** and<br><br>**AMPARO F. SPECHT**,<br><br>Debtors. | Case No. 10-40276-A-7<br>DCN: SMD -1<br><br>DATE: November 29, 2010<br>TIME: 9:00 A.M.<br>DEPT: A<br>COURTROOM: 328 (7th Floor) |

### TRUSTEE'S MOTION TO SELL PERSONAL PROPERTY OF THE ESTATE

TO: THE HONORABLE MICHAEL S. MCMANUS, JUDGE, U. S. BANKRUPTCY COURT; THE OFFICE OF THE U. S. TRUSTEE; THE ABOVE-CAPTIONED DEBTORS; AND, THE DEBTORS' ATTORNEY.

The undersigned, Susan M. Didriksen, the court appointed Chapter 7 Trustee (the "Trustee") in the above-captioned Bankruptcy estate of JAMES A. SPECHT and AMPARO F. SPECHT, (the "Debtors"), hereby requests that this Court approve the sale of the Bankruptcy's Estate's interest in a 2005 Honda Odyssey with approximately 68,000 miles on the odometer, in an "as is" condition to the Debtors for $11,500. The proposed sale transaction will include a credit in the amount of $9,500 representing the Debtors' claimed C.C.P §703.140(b)(5) exemption. In support of this motion, the undersigned Trustee respectfully represents the following:

    1.    The Debtors filed a voluntary Chapter 7 Bankruptcy Petition on or about July 30, 2010, and an Order for Relief was entered thereon.

    2.    Susan M. Didriksen was appointed as the Interim Chapter 7 Trustee on or about July 30, 2010, and continues to serve in that capacity.

3. The Court has jurisdiction over the current motion under 28 U.S.C. §§ 157(a) and 1334. This is a core proceeding under 28 U.S.C. section 157(b)(2)(A), (N) and (O).

4. The Debtors filed Schedule B on or about July 30, 2010, and disclosed personal property described as follows:

"2005 Honday Odyssey with 68,000 miles"

(hereinafter referred to as the "Motor Vehicle"), having a disclosed market value of $9,500.

5. The Debtors' Schedule "C" filed on or about July 30, 2010, claimed monetary exemption C.C.P. §703.140(b)(5) in the amount of $9,500 pertaining to the Motor Vehicle.

6. The Debtors' Schedule D filed on or about July 30, 2010, disclosed no indebtedness nor obligations secured by the Motor Vehicle.

7. It was later determined that based on the model, condition and mileage of the Motor Vehicle, the true value is approximately $11,500.

8. The Debtors, through their attorney, Ms. Christine Galves, have presented an offer in the amount of $11,500 to purchase the aforementioned Motor Vehicle in an "as-is" condition from the Bankruptcy Estate as follows:

```
          $11,500   Debtor's Offer to Purchase the Subject Personal Property
Less:      9,500   Credit for Debtors' §703.140(b)(5) exemption
          $ 2,000   Net Purchase Amount to be tendered by the Debtors
```

9. The payment will be made in six monthly installments, in the amount of $333.33, due on the first of each month in the form of Cashier's Check to the undersigned Trustee for the purchase of the Motor Vehicle.

10. The undersigned Trustee believes that the immediate liquidation of the Subject Personal Property is in the best interest of the Bankruptcy Estate. This proposed sale would also alleviate the typical costs incurred with the sale of vehicles (i.e. smog check and smog certificate, auctioneer's commission, repairs, etc.) and any sales commission attendant to a sale. Therefore, the Trustee requests the approval from this Court to sell the aforementioned Motor Vehicle to the Debtors for the amount of $11,500, less credit in the amounts of $9,500 representing the Debtors' claimed C.C.P §703.140(b)(5) exemption, subject to any overbids tendered at the Court hearing.

11. At the Court hearing, the Trustee will request that the Court solicits overbids. The Trustee further requests that overbids, if any, be submitted in minimum increments of $200.00 from

qualified bidders who much contact the Trustee at least twenty-four hours prior to this hearing. Any successful over bidder must remit the full amount of the cash selling price to the Trustee within twenty-four hours after the Court hearing is concluded.

WHEREFORE, the undersigned Trustee respectfully requests that this Court: A.) Approve the sale of the aforementioned Motor Vehicle to the Debtor in the manner stated herein, B.) Provide authority for the Trustee to execute all documents necessary to complete the contemplated sale; C.) Provide authority for the Trustee to either pay or credit the exempted amount of $9,500 directly to the Debtors from the sale of proceeds of the subject Motor Vehicle if sold to a third party; and, D.) Provide for such other relief as the Court deems appropriate.

Respectfully submitted,

Dated: October 22, 2010  /s/ Susan M. Didriksen
Susan M. Didriksen, Chapter 7 Trustee